UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY LOUIS WILLIAMS,

|  |  |
|---|---|
| Plaintiff, | Civil Action No. 18-cv-11850 |
|  | Honorable Laurie J. Michelson |
| v. | Magistrate Judge David R. Grand |

JASON DALBEC,

Defendant.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS [9]

In his complaint, *pro se* plaintiff Henry Louis Williams ("Williams"), an incarcerated person, brings this § 1983 claim against Jason Dalbec ("Dalbec"), an Oakland County Sheriff's Department detective. Williams alleges that Dalbec violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights when Dalbec arrested him without a warrant on May 4, 2014. Before the Court is a Motion to Dismiss filed by Dalbec on August 31, 2018. (Doc. #9). On September 21, 2018, Williams filed a response to the motion,[1] and Dalbec filed a reply three days later. (Docs. #11, #12).

An Order of Reference was entered on September 7, 2018, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (Doc. #10). Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D.Mich. LR 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record and declines to order a hearing at this time.

## I.      RECOMMENDATION

_____

[1] Williams' response brief (Doc. #11) on the docket had poor image quality. Attached to this Report and Recommendation as Exhibit A are more legible copies of pages 8–10 of that brief.

For the reasons set forth below, **IT IS RECOMMENDED** that Dalbec's Motion to Dismiss **[9]** be **GRANTED**.

## II.    REPORT

### A.    Background

Williams is currently incarcerated at the Chippewa Correctional Facility ("URF") in Kincheloe, Michigan.  The events giving rise to Williams' claims precede his incarceration. Williams alleges that Dalbec arrested him without a warrant on May 4, 2014 and held him for over 48 hours without bringing him before a judicial officer for a probable cause hearing.  (Doc**.** #1 at 2–3).  The arrest appears to be in connection with Williams' involvement in an armed robbery and home invasion that had previously taken place.  (Doc. #11 at 17).  Williams alleges that Dalbec interrogated him on May 5, 2014, ignored his repeated requests for an attorney, and eventually obtained an involuntary confession.  (Doc. #1 at 4–5).  Specifically, Williams alleges that Dalbec told him, "we 'don't do attorneys'" and that he was giving up a golden opportunity to tell his side of the story when he asked for an attorney.  (*Id*. at 4).  The interrogation continued for about thirty minutes, during which time Williams made no fewer than eight explicit requests for counsel, none of which were heeded by Dalbec.

Williams entered a guilty plea after a plea bargain with the prosecutor.  Williams has provided a copy of the transcript from his plea hearing, which reflects that the Court recognized that Williams' Fifth Amendment rights had been violated when Dalbec interrogated him after he had asked for an attorney.  (Doc. # 11 at 14–15).

Significantly, the dates in Williams' complaint are as follows: Williams was arrested on May 4, 2014; Williams was interrogated on May 5, 2014; Williams was arraigned on May 7, 2014;

2

Williams entered a guilty plea on September 29, 2014; Williams was sentenced on July 29, 2015, and Williams filed his instant complaint on June 6, 2018.[2]

Dalbec now moves to dismiss Williams' complaint on two grounds. First Dalbec argues that Williams' claims are barred by the applicable three-year statute of limitations. Specifically, Dalbec argues that Williams' claims accrued as of May 4 or May 5, 2014, and that his complaint, filed on June 6, 2018, was filed beyond the three-year statute of limitations. (Doc. #9 at 9). Williams does not dispute that the applicable statute of limitations is three years, but argues that his claims accrued at his sentencing on July 29, 2015, because that was the beginning of his "incarceration period." (Doc. #11 at 9). Independent of the statute of limitations, Dalbec argues that each of Williams' claims should be dismissed on the merits.

**B.     Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability

---

[2] Pursuant to the "prisoner mailbox rule," a *pro se* prisoner's complaint "is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing cases); *see also Scuba v. Brigano*, 527 F.3d 479, 484 (6th Cir. 2007); *Stewart v. Gracik*, 2011 WL 4559179, at *3 (W.D. Mich. Aug. 26, 2011). Although Williams' complaint was filed on the Court's docket on June 11, 2018, it is dated June 6, 2018, and bears a postmark date of June 7, 2018. (Doc. #1). Accordingly, the Court will construe the complaint as having been filed on June 6, 2018.

requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "'is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements." *Hogan v. Visio Fin. Servs., Inc.*, 2015 WL 3916084, at *3 (E.D. Mich. June 25, 2015) (quoting *Iqbal*, 556 U.S. at 678); *see also Twombly*, 550 U.S. at 555. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. When presented with a Rule 12(b)(6) motion testing the sufficiency of a complaint, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and their "complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

Although Williams brings this suit under federal law – 42 U.S.C. § 1983 – the statute adopts the statute of limitations of a state personal-injury tort in the state where the challenged conduct occurred. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Williams does not dispute that the applicable statute of limitations for his claims is three years under Michigan law. Mich. Comp. Laws § 600.5805(10). For a § 1983 cause of action, the accrual date for the statute of limitations is a question of federal law. *Wallace*, 549 U.S. at 388. According to federal law, accrual occurs and the statute of limitations begins to run "when the plaintiff has a complete and present cause of action."[3] *Id.* (citing *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997).

### C.    Analysis

#### 1.    Fourth Amendment

The Fourth Amendment protects people from unreasonable searches and seizures, including unlawful arrests and detentions. What a plaintiff must prove to succeed on a Fourth Amendment claim varies based on the specific claim alleged. Williams' allegations stem from the lack of a probable cause determination post-arrest and during his detention. Under the Fourth Amendment, the standard for arrest is probable cause. *See Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). If an arrest is made without a warrant, as here, a neutral magistrate must conduct a probable cause determination within forty-eight hours. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). Here, Williams claims that he was arrested without a warrant and did not receive a probable cause hearing at all. (Doc. #1 at 2–3).

---

[3] Whether Williams knew that his cause of action was complete does not affect the time of accrual, as clarified in *Curry v. Best*, 2009 WL 349151 at *2 (E.D.Mich. 2009).

Because, under *Wallace*, accrual occurs when the plaintiff has a complete cause of action, Williams' accrual date depends on the specific Fourth Amendment cause of action he alleges. Williams contends that his Fourth Amendment claim should accrue on the date of his sentencing, claiming he was continuously, unlawfully seized from the time of his arrest to his sentencing. (Doc. #11 at 9). Because it was allegedly a continuous act, Williams argues accrual should begin once the violation ended and he was sentenced on July 29, 2015. This argument fails because continuous effects from an original act do not constitute a continuous violation. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) (quoting *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)). Instead, continuing incarceration "constitutes an ill effect from [a] false arrest." *Id*. at 906. Moreover, when there exist separate torts with separate elements, as with false imprisonment or arrest and malicious prosecution, they are discrete wrongs and will not be viewed as a continuing violation. *Id*.

Despite his protestations (Doc. #11 at 5), Williams' claim that he was unlawfully seized sounds first in false imprisonment, which accrued on May 7, 2014. His claim focuses on the lack of a probable cause hearing, thus the crux of his complaint is being detained without legal process.[4] "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends," and because "false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges."[5] *Wallace*, 549 U.S. at 389.

---

[4] Williams' claim may also reflect false arrest; however, false arrest is a subset of false imprisonment because "every confinement of the person is an imprisonment." For the purposes of this analysis, the Court refers to the two torts as false imprisonment. *Wallace*, 549 U.S. at 388–89.

[5] There are cases in which a false imprisonment claim may have a later accrual date, but none analogous to the facts here. For instance, in *Panzica v. Corrections Corp. of America*, 559

Williams alleges he was held without a probable cause determination from May 4, 2014 until May 7, 2014. As Dalbec points out, Williams' detention on those dates could have lasted anywhere between forty-eight hours and one minute and seventy-one hours and fifty-nine minutes. Regardless of the exact length of detention, the alleged false imprisonment ended when Williams' detention became pursuant to legal process because once detention is pursuant to legal process, it is no longer "false." *Wallace*, 549 U.S. at 389.

Williams' detention became pursuant to legal process at his arraignment on May 7, 2014. Thus, any potential false imprisonment claim accrued, at the latest, on May 7, 2014. It does not affect the claim's accrual date that Williams remained detained for over a year between his arraignment and sentencing. "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Id.* at 391. Thus, Williams' complaint, filed on June 6, 2018, is barred by the three-year statute of limitations.

Recasting any part of Williams' false imprisonment claim as a claim for malicious prosecution would be futile. Whereas any damages related to the former claim are those suffered between the detention and the initiation of legal process, any damages alleged after the arraignment flow from a malicious prosecution claim. As stated in *Wallace*, in a false arrest or imprisonment action, "damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a

---

Fed.Appx. 461, 465 (6th Cir. 2014), a criminal defendant's imprisonment started lawfully but became unlawful when he remained incarcerated after he should have been released. Because his incarceration was without legal process from the time he should have been released until he was actually released, that period of time was his false imprisonment. Thus, his false imprisonment ended when he was released, and his claim accrued at the end of his incarceration. Again, no such facts exist here, where Williams alleges an uninterrupted unlawful detention following his arrest.

malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." 549 U.S. at 390 (internal citation omitted).

Though a Fourth Amendment claim after a detainee's detention could, theoretically, sound in a malicious prosecution claim, such a claim is clearly futile here. *See Wallace*, 549 U.S. at 390 (recognizing the possible application of a malicious prosecution challenge to a detainee's post-arrest detention). Williams sues only the officer who arrested him, and does not allege that the officer had any further direct involvement in his prosecution. Further, Williams neither brings forth a claim of malicious prosecution, nor alleges facts that suggest such a claim. Indeed, the documents Williams supplies, which include a portion of the transcript from the hearing at which he pled guilty to the charges that flowed from his arrest by Dalbec,[6] belie any such claim. (Doc. #11 at 14-15).

A malicious prosecution claim depends on the favorable disposition of the plaintiff's case, for instance the reversal or dismissal of the charges as intimated in *Wallace*. *See* RESTATEMENT (SECOND) OF TORTS § 653(b) (AM. LAW INST., 1977). In *Heck v. Humphrey*, the Supreme Court outlined this requirement for a § 1983 malicious prosecution claim, holding:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. 477, 486–87 (1994).

---

[6] The Court may consider this transcript because Williams refers to his underlying criminal case in his complaint and the proceedings in that case are central to his instant claims. *Bassett*, 528 F.3d at 430.

Here, because Williams pled guilty to the charges that flowed from his arrest, the criminal proceedings did not terminate in his favor.  The charges against him have not been reversed or dismissed.  Because Williams has not met this central element of a wrongful detention or malicious prosecution claim, any such claim fails as a matter of law.

For all of these reasons, Williams' Fourth Amendment claim should be dismissed.

### 2.   Fifth Amendment

In his response to Dalbec's motion, Williams agrees that his Fifth Amendment claim fails as a matter of law because the state trial court did not allow his improperly obtained statements to be used in his prosecution.  (Doc. #11 at 6–7, 14-15) (citing *Chavez v. Martinez*, 538 U.S. 760 (2003) (plurality opinion).  *See also McKinley v. City of Mansfield*, 404 F.3d 418, 430-31 (6th Cir. 2005) (". . . it is now clear that 'mere coercion does not violate the ... Self–Incrimination Clause absent use of the compelled statements in a criminal case.'  It is only once compelled incriminating statements are used in a criminal proceeding, as a plurality of six justices held in *Chavez v. Martinez*, that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action.") (internal citations omitted).  Accordingly, this claim should be dismissed.

### 3.   Sixth Amendment

The Sixth Amendment guarantees an accused's right to assistance of counsel in criminal prosecutions after the initiation of formal charges.  *See Maine v. Moulton*, 474 U.S. 159, 176 (1985).  Included in this right is an affirmative obligation upon the State "not to act in a manner that circumvents the protections accorded the accused by invoking this right."  *Id*.  If the State knowingly circumvents the accused's right to counsel to obtain incriminating statements, it violates the Sixth Amendment.  *Id*.  Williams claims that Dalbec violated the Sixth Amendment

by ignoring his repeated requests for counsel and subsequently obtaining a confession.  (Doc. #1 at 4–5).

Dismissal of Williams' Sixth Amendment claim is warranted based on both the statute of limitations and the claim's merits.  Williams' Sixth Amendment claim stems from his alleged denial of counsel during the May 5, 2014 interrogation, despite his repeated requests for representation.  Since all of the events supporting this claim occurred during Williams' interrogation on May 5, 2014, he had a complete cause of action as of that day.  (Doc. #1 at 4); *see Wallace*, 549 U.S. at 388.  As such, the three-year statute of limitations began to run on May 5, 2014, and this claim, first asserted in Williams' June 6, 2018 complaint, is time-barred.

Even if the statute of limitations did not bar recovery, Williams' Sixth Amendment claim fails on its merits.  As Williams himself emphasizes, the crux of his Fourth Amendment claim is the absence of a formal judicial proceeding—in his case a probable cause hearing.  Yet, the Supreme Court has consistently held that the Sixth Amendment right to counsel does not attach until the initiation of judicial proceedings, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment."  *Brewer v. Williams*, 430 U.S. 387, 398 (1977) (quoting *Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (plurality opinion)).  Thus, Williams' Sixth Amendment right to counsel had not attached at the time of the interrogation.

Williams rightly recognizes that an interrogation constitutes a "critical stage" in Sixth Amendment jurisprudence; however, the critical stage analysis does not come into play until after attachment.  *See Rothgery v. Gillespie County*, 554, U.S. 191, 212 (2008).  Moreover, *Moran v. Burbine* specifically declined to extend Sixth Amendment protection to an interrogation that occurred before the first formal judicial proceeding.  475 U.S. 412, 432 (1986) ("For an interrogation, no more or less than for any other 'critical' pretrial event, the possibility that the

encounter may have important consequences at trial, standing alone, is insufficient to trigger the Sixth Amendment right to counsel.").  Thus Williams' Sixth Amendment claim could also be rightly dismissed on the merits.

### 4.      Fourteenth Amendment

To succeed on a substantive due process claim, a plaintiff must show both: (1) a constitutionally protected property or liberty interest, and (2) government deprivation of that interest through arbitrary and capricious action that "shocks the conscience."  *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998).  Williams claims that his Fourteenth Amendment right to due process was violated by Dalbec's actions during the arrest and interrogation.  (Doc. #1 at 6).

The statute of limitations also bars Williams' Fourteenth Amendment claim.  Williams' pleadings fail to specify the particular behavior alleged to have violated the Fourteenth Amendment; however, he cites the district court finding that he was interrogated in violation of the Fifth Amendment as support for his due process claim.  This indicates that the violative behavior was the impermissible interrogation.  That interrogation wholly took place on May 5, 2014, so the claim accrued on that date, more than four years prior to Williams' filing on June 6, 2018.

Moreover, characterization of this claim as a due process violation does not align with the principle the Supreme Court introduced in *Graham v. Connor*, 490 U.S. 386, 395 (1989), and reinforced in *Albright v. Oliver*, 510 U.S. 266, 273 (1994), that plaintiffs should bring constitutional challenges under specific amendments instead of the due process clause, where possible.  "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more

generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright*, 510 U.S. at 273 (quoting *Graham*, 490 U.S. at 395).   Here, Williams' use of the state trial court's finding regarding his Fifth Amendment right as evidence of a Due Process violation evinces that this claim sounds in the Fifth Amendment.   As such, even if the Fourteenth Amendment claim was not time-barred, it would be appropriately analyzed under the Fifth Amendment.[7]   As noted above, Williams agrees that he has no Fifth Amendment claim here because the improperly obtained confession was not used in his criminal proceedings.   (Doc. #11 at 6-7).   Again, the result is that this claim should be dismissed.

III.   **CONCLUSION**

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss **[9]** be **GRANTED**.

Dated: February 28, 2019                        s/David R. Grand
Ann Arbor, Michigan                         DAVID R. GRAND
                                 United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).   Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).   Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.   *Willis v. Sec'y of Health and Human Servs.*, 931

---

[7] Because Williams withdrew his Fifth Amendment claim that was based on the same conduct as his Fourteenth Amendment claim, no claim remains.

F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).   Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

### *Note these additional requirements at the direction of Judge Michelson:*

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.   Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.   Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.   Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).   The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 28, 2019.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

# Exhibit A

Defendant in his motion to Dismiss Plaintiff's Fourteenth Amendment claim alleged

that, "The standard is whether police conduct rises to such a level that it

"shocks the conscience'" Chavez, 538 US at 774. However Plaintiff asserts that

this Defendant stopped short of the full standard  That is Defendant only quoted

the first part, but the second part of the standard is: Or, interferes with rights

implied in the concept of ordinary liberty  In deciding Chavez v  Martinez Id

Supra  The Supreme Court ruled that Petitioner's Fifth Amendment claims could not

stand, for the reason already cited above.  However the U S. Supreme Court ordered

a remand as to Petitioner's Fourteenth Amendment claim. Citing that,  a clearly

established right fundamental to ordinary liberty, is freedom from coercive police

interrogation  Quoting Palko v. Connecticut, 302 US 319; 82 L.Ed 288; 58 S.ct 149

(1937)


Plaintiff offers the ruling of the trial court for Oakland County attached as

Appendix (B), As evidence of coercive police conduct.

THE COURT:...I just wish to state for the record that there was a pending motion
before the Court with respect to statements that the defendant had made to the
police, and the motion was with respect to suppressing those statements due to the
defendant having invoked his right to counsel And I just wish to state for the
record that the Court did find that the statements were not voluntarily made; that
the defendant was in custody, and he asserted his right to counsel, not one, but
numerous times, and the officers did not heed his request for counsel and kept
talking to the defendant to the point where the defendant did make inculpatory
statements. And the Court did find..does find that this was in violation of his
Fifth Amendment right;and the Court would suppress those statements. [ See
Transcripts pages 3-4 Lines 18-25 & 1-8 ]. Plaintiff also attached the Motion and
Memorandum of law filed by Defense Counsel Michael J. McCarthy (P30169) under
Appendix (C).


As found in Chavez v  Martinez 538 US at 774; Plaintiff-Williams's claim of

liability for a substentive due process must service. Because Plaintiff had a

fundamental right to be freedom from coercive police interrogation  Palko v.

Connecticut,  302 US 319 (1937). Accordingly Defendant's Motion to Dismiss

Plaintiff's Fourteenth Amendment claim should be denied by this Court.


## STATUTE OF LIMITATIONS:


Defendant relies on Wallace v. Kato, 549 US 384, 388 (2007) In attempting to
raise the defense under the statue of limitations. Defendant claims that Plaintiff
claims are untimely  However as found in Dragoesch v. Metcalf at 557 F 3d 372 ...
373, because this Plaintiff was never provided with an initial determination of
probable cause, the Fourth Amendment governs the right at stake in the present
case.  The Defendant suggested that Plaintiff's Fourth Amendment Sixth,and
Fourteenth claims started to run on the date of his arrest, interrogation and that
the applicable 3 year limitations period expired before the complaint was filed
June 11, 2018. However Plaintiff-Williams remained affectively seized for trial
so long as the prosecution against him remained pending. This continued
perpetuating seizure violated Plaintiff's Fourth Amendment rights. Thus the
limitations period should have a different trigger. The time to file the sec 1983
action should begin to run not at the start, but at the end of the episode in suit
i.e. upon the sentencing of Plaintiff on July 29, 2015 see McCune v. Grand Rapids
842, F 2d 903, 906 ( CA 6 1988 ). In sum, Plaintiff-Williams's Fourth, Sixth, and
Fourteenth Amendment claims, asserted within the requisite period after
Plaintiff's sentencing date, which in Plaintiff's view was neither substantively
deficient nor inevitably time barred. In Paul v. Davis  424 US 693, 47 L.Ed.2d
405, 96 S.ct 1155 (1976). The Court held that prosecution without probable cause
is a constitutional tort actionable under sec. 1983 only if accompanied by
incarceration or loss of employment or some other "palpable consequense."
Plaintiff asserts therefore the incarceration period started on July 29, 2015 the

day the trial court imposed sentencing. Accordingly Plaintiff's time to file the sec. 1983 begin on that date  Furthermore the Defendant did not specifically state this Defense by reference of the FED. R. CIV. P. and should be considered abandor by this Court. Accordingly this Court should deny Defendant's Motion to Dismiss Plaintiff's Complaint, as a jury could reasonable find for this Plaintiff Aderson, 477 US at 252.

RESPECTFULLY REQUESTED:

Dated:   /   /2018

Henry L  Williams
#820353
Chippawa Correctional Facility
4269 West M-80
Kincheloe, Michigan 49784